# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **LION ASSOCIATES, LLC,** | ) |
| **Plaintiff,** | ) |
| | ) Case No. : 1:10-CV-189 (GBL/TRJ) |
| **SWIFTSHIPS SHIPBUILDERS, LLC,** | ) |
| **Defendant.** | ) |

## ANSWER

Defendant Swiftships Shipbuilders, LLC ("Swiftships"), by and through its undersigned counsel, herewith submits its Answers and Affirmative Defenses to Plaintiff Lion Associates, LLC's ("Lion") Complaint, and states as follows:

1. Paragraph 1 contains conclusions of law to which no response is required and references a document which speaks for itself. Swiftships denies the remaining allegations.

## JURISDICTION AND VENUE

2. Swiftships admits the allegations in paragraph 2.

3. Swiftships admits that this Court has personal jurisdiction over it in this case, but denies the remaining factual allegations contained in paragraph 3.

4. Swiftships admits the allegations in paragraph 4.

## THE PARTIES

5. Swiftships is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies such allegations.

6. Swiftships admits the allegations in paragraph 6.

## FACTUAL BACKGROUND

7. Swiftships is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies such allegations.

8. Swiftships admits the allegations in paragraph 8.

9. Swiftships admits the allegations in paragraph 9, but specifically denies that the Agreement was valid or enforceable.

10. Paragraph 10 characterizes a document attached to the Complaint, which speaks for itself and to which no response is required. To the extent that a response is required, Swiftships denies the allegations set forth in paragraph 10.

11. Paragraph 11 characterizes a document attached to the Complaint, which speaks for itself and to which no response is required. To the extent that a response is required, Swiftships denies the allegations set forth in paragraph 11.

12. Swiftships denies the allegations in paragraph 12.

13. Swiftships denies the allegations in paragraph 13.

14. Swiftships denies the allegations in paragraph 14.

15. Swiftships admits that it obtained and was awarded contract numbers N00024-C-2256 in the amount of $180,998,189.00 and N61399-09-C-0034 for training associated with N00024-C-2256. Swiftships denies that Plaintiff "brought both of these contracts to Defendant," and further denies the remaining allegations in paragraph 15.

16. Swiftships admits that Mr. Lyons met with Mr. Leleux in December 2009, but denies the remaining allegations in paragraph 16.

17. Swiftships admits that Mr. Lyons contacted Defendant after December 2009 inquiring about additional compensation to which he felt he was entitled outside the terms of his contract, but denies the remaining allegations in paragraph 17.

5097670

18. Paragraph 18 characterizes a document attached to the Complaint, which speaks for itself and to which no response is required. To the extent that a response is required, Swiftships denies the allegations set forth in paragraph 18.

19. Swiftships denies the allegations in paragraph 19.

## COUNT I (Breach of Contract)

20. Swiftships incorporates its responses as set forth in paragraphs 1 through 19 above.

21. Paragraph 21 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

22. Paragraph 22 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

23. Paragraph 23 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

24. Paragraph 24 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

## COUNT II (Unjust Enrichment)

25. Swiftships incorporates its responses as set forth in paragraphs 1 through 24 above.

26. Paragraph 26 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

27. Paragraph 27 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

28.     Paragraph 28 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

29.     Paragraph 29 purports to assert conclusions of law to which no response is required. To the extent it contains allegations of fact, such allegations are denied.

The allegations contained in the Prayer for Relief of the Complaint assert conclusions of law to which no response is required. To the extent it is deemed to contain allegations of fact, such allegations are denied. Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief including, but not limited to, any judgment against Defendant, any award of compensatory, punitive, expectation, reliance, or restitution damages, pre-judgment interest, and/or any other relief.

Defendant specifically denies that it committed any of the allegedly wrongful acts set forth in Plaintiff's Complaint. Further, each and every allegation set forth in Plaintiff's Complaint that is not specifically admitted herein by Defendant is expressly denied.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Plaintiff fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred by estoppel or equitable estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Fifth Affirmative Defense

5097670

Plaintiff's claims are barred by illegality.

### Sixth Affirmative Defense

Plaintiff's claims are barred by his breaches of contract.

### Seventh Affirmative Defense

Defendant is not liable for any alleged damages by reason of payment.

### Eighth Affirmative Defense

Plaintiff has failed to mitigate his damages, if any.

### Ninth Affirmative Defense

Defendant's alleged conduct did not cause Plaintiff any damages.

### Tenth Affirmative Defense

Plaintiff's claims are barred by justification.

### Eleventh Affirmative Defense

Plaintiff's claims are barred due to his fraud and fraudulent inducement.

### Twelfth Affirmative Defense

Defendant is not indebted to Plaintiff as alleged in the Complaint.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred as against public policy.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because they are not ripe.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because there was no meeting of the minds.

### Sixteenth Affirmative Defense

5097670

Plaintiff's claims are barred in whole or in part because the Agreement was not complete or reasonably certain.

<u>Seventeenth Affirmative Defense</u>

Defendant reserves the right to assert additional defenses as discovery proceeds.

WHEREFORE, Defendant requests that the Court dismiss the Complaint and award it its fees and costs incurred in responding to the Complaint and in defending this action.

Respectfully submitted,

/s/
Benjamin G. Chew, Esq. (VSB#29113)
Nigel L. Wilkinson, Esq. (VSB#46500)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
bchew@pattonboggs.com
nwilkinson@pattonboggs.com

Hassan M. Ahmad, Esq. (*admitted Pro Hac Vice*)
The HMA Law Firm
1568 Spring Hill Road, Suite 200A
McLean, Virginia  22102
Telephone: (703) 964-0245
Facsimile: (703) 997-8556
hma@hmalegal.com

*Counsel for Defendant Swiftships Shipbuilders, LLC*

Date:  May 27, 2010

5097670

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2010, I will electronically file the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

J. Douglas Baldridge, Esq.
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300
jbaldridge@venable.com

/s/
Benjamin G. Chew, Esq. (VSB#29113)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315
bchew@pattonboggs.com
*Counsel for Defendant Swiftships Shipbuilders, LLC*

5097670