**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **LION ASSOCIATES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. : 1:10-CV-189 (GBL/TRJ)** |
| ) | |
| **SWIFTSHIPS SHIPBUILDERS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SWIFTSHIPS SHIPBUILDERS, LLC'S MOTION IN LIMINE TO LIMIT PLAINTIFF LION ASSOCIATES, LLC'S DAMAGES**

Defendant Swiftships Shipbuilders, LLC ("Swiftships"), in accordance with applicable

precedent, moves to limit Plaintiff Lion Associates, LLC's ("Lion") recovery of damages should

the Court grant judgment to Lion on its breach of contract and/or unjust enrichment claims,

based on the following grounds:

- Lion seeks recovery of a 3% commission on a contract that Swiftships is currently performing, and as a result, Swiftships has yet to receive a substantial amount of the revenue on this contract, rendering the amount of the commission to be paid to Lion, if any, indeterminate at this time.

Based upon the points and authorities set forth below, Swiftships respectfully requests

that this Court limit any recovery by Lion, if judgment is granted on its claims for breach of

contract and/or unjust enrichment, to a damage calculation based on those contract payments that

the Navy has paid to Swiftships as of the date of the judgment.

1

5133916

I.       STATEMENT OF FACTS

    A.       **The Swiftships/Lion Agreement, Lawsuit Arising Therefrom and Damages Sought**

On May 1, 2009, Lion and Swiftships entered into a written agreement ("the Swiftships/Lion Agreement" or "Agreement") under which Lion agreed to perform certain marketing and promotional work for Swiftships, and Swiftships agreed to pay Lion for this work. **Exhibit 1, ¶9 (Complaint[1]).**  Specifically, Swiftships agreed to pay Lion $7,500 per month for a period of twelve (12) months and "3% of each new contract brought to Swift[ships], which was obtained by L[ion]."  **Exhibit 1, ¶11.**  Swiftships paid the $7,500 stipulated monthly fee to Lion. **Exhibit 2, pp. 6-7, Responses 14 through 16 (Lion's Supplemental Responses to Swiftships' Requests for Admission).**  With the stipulated monthly fee paid, Lion's Complaint seeks recovery of the 3% contingency fee based upon the anticipated gross value of two contracts that the United States Navy ("US Navy") awarded to Swiftships in 2009:

    (A)    contract number N00024-09-C-2256 in the amount of $180,998,189 for the design and manufacture of patrol vessels for the Iraqi Navy; and

    (B)    contract number N61339-09-C-0034 in the amount of $23,000,000 for the training associated with contract number N00024-09-C-2256.[2]

**Exhibit 1, ¶1.**  As set forth in the Complaint, Lion seeks from Swiftships damages in the amount of $6,119,946, which represents 3% of the total award value of the two contracts (($180,998,189 + $23,000,000) * 3% = $6,119,946).

---

[1] "Complaint" refers to the Complaint originating this matter, filed before this Court on March 2, 2010.

[2] For the reasons stated in Swiftships' Motion In Limine To Strike Lion's Claim For A Commission on The Training Contract, Swiftships believes that Lion may not seek recovery of a commission under that Contract.

2

**B.**      **Swiftships Remains in the Midst of Performing the Navy Contracts, and as a Result, Swiftships Has Only Received a Fraction of the Contract Price**

On September 25, 2009, the Navy awarded Swiftships contract number N00024-09-C-2256 in the amount of $180,998,189 for the design and manufacture of patrol vessels for the Iraqi Navy ("Shipbuilding Contract").  **Exhibit 1, ¶1.**  The Shipbuilding Contract requires that Swiftships design, fabricate and deliver to the Iraqi Navy nine (9) patrol boats, related equipment, components, and services.  **Exhibit 3, pp. 2-27 (Contract No. N00024-09-C-2256).** Under the current schedule, Swiftships will not complete production and delivery of the nine (9) boats up to and including May 31, 2011.  **Exhibit 4 (Contract Mod P20001).**  As specified in the Shipbuilding Contract, the Navy has paid and will pay Swiftships progress payments as each patrol boat is constructed and launched and after each vessel passes various levels of inspections. **Exhibit 3, pp. 84-90.**  Swiftships currently expects to receive payment under the Shipbuilding Contract through June 30, 2011.

In addition to the Navy's staggered payment schedule over the next seven months, the Contract contains FAR 52.249-2 "Termination for Convenience of the Government", which confers upon the Navy the right to terminate the agreement with Swiftships at any point for any reason.  **Exhibit 3, p. 93.**  This termination for convenience clause states in part:  "The Government may terminate performance of work under this Contract in whole or in part if the Contracting Officer determines that a termination is in the Government's interest."  **Exhibit 5 (FAR 52.249-2).**Under this termination for convenience clause, Swiftships only receives payment for work performed up through termination without any compensation for lost revenues or profits that would have been realized had the terminated part of the work been performed. *Id.*

5133916

## II.    ARGUMENT

### A.    Lion Improperly Seeks a Commission Upon a Contract Which is Ongoing and the Revenue Received Thereunder Remains Uncertain

Damages must be proved with a reasonable degree of certainty and should not be based on estimated costs, profits or revenues, when actual costs are available. *ADC Fairways v. John Mark Construction, Inc.,* 231 Va. 312, 343 S.E.2d 90, 92-3 (1986) (invalidating a damage award based on construction bid estimates rather than actual contract costs); *Insulation v. Moore,* 242 Fed. Appx. 112 (4th Cir. 2007) (court rejected damage award based on estimated costs). Additionally, when a plaintiff makes a claim for a commission based upon assisting with the award of a contract, the commission payment is typically not due until the contract revenues are paid. *Tymshare v. Covell,* 727 F.2d 1145, 1148-9 (D.C. Cir. 1984) (commissions based on award of Postal Service Contact settled at year-end based on revenues received); *Shaw v. MRO Software, Inc.* 2006, U.S. Dist. LEXIS 78456 (E.D. Mich. 2006) (Court rules that company properly withheld commission payment until revenues received).

In its Complaint, Lion demands payment of $6,119,946.  This amount includes $5,429,946 (3% of $180,998,189) sought as a commission fee upon the Shipbuilding Contract. The Shipbuilding Contract calls for Swiftships to design, construct and deliver nine (9) patrol boats up through June 2011.

As stipulated by the Contract, Swiftships receives payment from the Navy as it completes various stages of work for each patrol boat.  To date, Swiftships has only received a fraction of the value of the Shipbuilding Contract, and if contract performance proceeds as planned, the Navy will make final payment at some point after June 30, 2011.  However, even though the Shipbuilding Contract has been awarded and is being performed, there is no guarantee that the current contract price ($180,998,189) will be paid as the Navy/Swiftships Contract contains a

4

5133916

Termination for Convenience clause which gives the Navy the ability to terminate the Contract at any point for any reason.

Given that the amount of the Navy/Swiftships Contract revenues and final performance requirements remain uncertain at this time, Lion cannot receive a damage award based upon contract revenues that may or may not be paid in the future.  Based upon the fact that the amount of revenue to be received on the Contract is indeterminate, Swiftships respectfully requests that this Court enter an order limiting Lion's recovery, if any, to an amount based upon the Contract revenues that Swiftships has been paid as of the date of judgment.

## III.     CONCLUSION

For the foregoing reasons, Swiftships respectfully requests that this Court enter an order limiting any recovery by Lion, if judgment is granted on its claims for breach of contract and/or unjust enrichment, to a damage calculation based on the contract payments that the Navy has paid to Swiftships as of the date of the judgment.


Dated:  November 22, 2010

Respectfully submitted,
/s/_____
Douglas C. Proxmire, Esq. (VSB #27890)
Benjamin G. Chew, Esq. (VSB #29113)
Nigel L. Wilkinson, Esq. (VSB #46500)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
dproxmire@pattonboggs.com
bchew@pattonboggs.com
nwilkinson@pattonboggs.com

Hassan M. Ahmad, Esq. (*admitted Pro Hac Vice*)
The HMA Law Firm

5

5133916

1568 Spring Hill Road, Suite 200A
McLean, Virginia 22102
Telephone: (703) 964-0245
Facsimile: (703) 997-8556
hma@hmalegal.com

*Counsel for Defendant Swiftships Shipbuilders,
LLC*

5133916