| EXHIBIT 2 |
|---|

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| LION ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-189 (GBL/TRJ) |
| | ) | |
| SWIFTSHIPS SHIPBUILDERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF LION ASSOCIATES, LLC'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff Lion Associates, LLC ("Lion Associates"), by and through its undersigned counsel hereby submits its supplemental responses and objections to Defendant Swiftships Shipbuilders, LLC's ("Swiftships") First Set of Requests for Admission (the "Requests for Admission"), as follows:

### RESERVATION OF RIGHTS

1. To the extent that Lion Associates responds to any of the Requests for Admission, it does so without conceding the materiality, admissibility or relevance of any such responses.

2. Lion Associates reserves all objections to the use of these responses. All such objections may be interposed by Lion Associates at the time of trial or as otherwise required by the rules or order of the court.

3. Lion Associates reserves the right to amend, supplement or withdraw its responses and objections to the Requests for Admission.

4. Lion Associates does not intend to waive any privilege or right by virtue of these responses. Insofar as a response by Lion Associates may be deemed to be a waiver of any

privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular response only.

5. Any admission made herein is for purposes of the pending action only, is not an admission for any other purpose and shall not be deemed an admission for the purpose of any other proceedings.

6. No objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Lion Associates as to the existence or non-existence of information.

7. Lion Associates' responses to the Requests for Admission are made after a reasonable inquiry into the relevant facts within the time allowed for responding to the Requests for Admission. Lion Associates expressly reserves the right at any time to supplement, amend, correct or modify its objections and responses propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Prior to signing the Agreement, Lion Associates did not provide any services to Swiftships.

    **Objection:** Lion Associates objects to this request as vague and ambiguous.
    **Response to Request No. 1:** Denied.

2. Prior to signing the Agreement, ADM Lyons did not provide any services to Swiftships.

    **Objection:** Lion Associates objects to this request as vague and ambiguous.
    **Response to Request No. 2:** Denied.

3. Prior to signing the Agreement, ADM Lyons and/or Lion Associates were aware of the Department of the Navy's Solicitation No. N0002409R2216 (the "Solicitation"), **Exhibit A**.

**Objection:** Lion Associates objects to this request as vague and ambiguous.

**Response to Request No. 3:** Denied.

4. ADM Lyons and/or Lion Associates are aware that Swiftships responded to the Solicitation prior to the effective date of the Agreement, April 13, 2009.

**Objection:** Lion Associates objects to this request as vague and ambiguous as to the term "responded."

**Response to Request No. 4:** Denied.

5. ADM Lyons and/or Lion Associates were aware at the time the Agreement was executed that Swiftships had responded to the Solicitation.

**Objection:** Lion Associates objects to this request as vague and ambiguous as to the term "responded."

**Response to Request No. 5:** Denied.

6. Prior to Swiftships being awarded the Iraqi Navy Contract, Lion Associates and/or ADM Lyons requested a "success fee" provided Swiftships was awarded the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading. Lion Associates further objects to this request to the extent it mischaracterizes settlement discussions between the parties.

**Response to Request No. 6:** Denied. The parties' agreement speaks for itself and this request mischaracterizes the parties' attempt to settle disputed claims.

3

**Supplemental Response to Request No. 6:** Denied to the extent that Lion Associates and/or Admiral Lyons "requested" a "success fee" provided Swiftships was awarded the Iraqi Navy Contract. Admitted to the extent that under the Agreement, Lion Associates was entitled to a success fee if Lion Associates obtained for Swiftships the Iraqi Navy Contract.

7.  Lion Associates and/or ADM Lyons requested a $500,000 "success fee" from Swiftships after it was awarded the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading. Lion Associates further objects to this request to the extent it mischaracterizes settlement discussions between the parties.

**Response to Request No. 7:** Denied. The parties' agreement speaks for itself and this request mischaracterizes the parties' attempt to settle disputed claims.

**Supplemental Response to Request No. 7:** Admitted to the extent that Admiral Lyons responded to an inquiry by Calvin Leleux as to what would be an acceptable initial payment toward the "success fee" owed to Lion Associates, and Admiral Lyons responded that he would accept an initial payment of $500,000 toward the success fee. Denied to the extent that the parties agreed that $500,000 was to satisfy the entire success fee to which Lion Associates was entitled.

8.  In or about December 2009, Lion Associates and/or ADM Lyons asked Faisal Gill about receiving a "success fee" in connection with the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading. Lion Associates further objects to this request to the extent it mischaracterizes settlement discussions between the parties.

**Response to Request No. 8:** Denied. The parties' agreement speaks for itself and this request mischaracterizes the parties' attempt to settle disputed claims.

**Supplemental Response to Request No. 8:** Admitted to the extent that during the fall of 2009, Admiral Lyons followed up with Faisal Gill regarding the payment of the 3% success fee to which he was entitled under the Agreement in connection with his obtaining the Iraqi Navy Contract for Swiftships.

9. Swiftships offered Lion Associates and/or ADM Lyons a $10,000 "success fee."

**Objection:** Lion Associates objects to this request as ambiguous and misleading. Lion Associates further objects to this request to the extent it mischaracterizes settlement discussions between the parties.

**Response to Request No. 9:** Denied. The parties' agreement speaks for itself and this request mischaracterizes the parties' attempt to settle disputed claims.

**Supplemental Response to Request No. 9:** Denied.

10. Lion Associates and/or ADM Lyons rejected Swiftships' offer of a $10,000 "success fee."

**Objection:** Lion Associates objects to this request as ambiguous and misleading. Lion Associates further objects to this request to the extent it mischaracterizes settlement discussions between the parties.

**Response to Request No. 10:** Denied. The parties' agreement speaks for itself and this request mischaracterizes the parties' attempt to settle disputed claims.

**Supplemental Response to Request No. 10:** Denied due to the fact that $10,000 was never offered to Lion Associates and/or Admiral Lyons by Swiftships.

11. Neither Lion Associates nor ADM Lyons provided any services to Swiftships under the Agreement except for services relating to the Iraqi Navy Contract.

**Objection:** None.

**Response to Request No. 11:** Denied.

5

12. In conversations with Faisal Gill, ADM Lyons acknowledged that the 3% Clause did not apply to his and/or Lion Associates' services relating to the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading.

**Response to Request No. 12:** Denied.

13. In conversations with Calvin Leleux, ADM Lyons acknowledged that that 3% Clause did not apply to his and/or Lion Associates' services relating to the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading.

**Response to Request No. 13:** Denied.

14. Lion Associates and/or ADM Lyons received from Swiftships $7,500 per month for a period of 12 months, from May 2009 through April 2010.

**Objection:** None.

**Response to Request No. 14:** Admitted.

15. Lion Associates and/or ADM Lyons received from Swiftships $7,500 per month for a period of 12 months, from May 2009 through April 2010, for services relating to the Iraqi Navy Contract.

**Objection:** Lion Associates objects to this request as ambiguous and misleading.

**Response to Request No. 15:** Denied. The parties' agreement speaks for itself.

**Supplemental Response to Request No. 15:** Admitted to the extent that Lion Associates did receive $7,500 per month for a period of 12 months, from May 2009 through April 2010, for services relating to the Iraqi Navy Contract. Denied to the extent any inference can be drawn that the $7,500 was the sole compensation to which Lion Associates was entitled for services relating to the Iraqi Navy Contract and to the extent any inference can be drawn that the $7,500 monthly payment was limited to services related to the Iraqi Navy Contract.

16. Lion Associates and/or ADM Lyons received from Swiftships $7,500 per month for a period of 12 months, from May 2009 through April 2010, pursuant to the terms of the Agreement.

**Objection:** None.

**Response to Request No. 16:** Admitted.

17. Prior to signing the Agreement, Lion Associates and/or ADM Lyons were aware that contracts awarded by the United States Department of Defense may contain a covenant against contingent fees.

**Objection:** Lion Associates objects to this request as vague, ambiguous and overly broad.

**Response to Request No. 17:** Denied.

18. Prior to signing the Agreement, Lion Associates and/or ADM Lyons were aware generally or specifically of "The Covenant Against Contingent Fees" set forth in 48 C.F.R. § 52.203-5, **Exhibit B**.

**Objection:** Lion Associates objects to this request as vague, ambiguous and overly broad.

**Response to Request No. 18:** Denied.

19. Prior to signing the Agreement, Lion Associates and/or ADM Lyons were aware generally or specifically of the "Restriction on Contingent Fees for Foreign Military Sales" set forth in section 252.225-7027 of the Defense Federal Acquisition Regulation Supplement, **Exhibit C**.

**Objection:** Lion Associates objects to this request as vague, ambiguous and overly broad.

**Response to Request No. 19:** Denied.

20. The Agreement's 3% Clause sets forth a "contingent fee" as defined in Federal Acquisition Regulation 52.203-5(b).

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 20:** Admitted, but denied to the extent any inference could be drawn that Lion Associates is not a bona fide agency.

21. The Agreement's 3% Clause does not set forth a "contingent fee" as defined in Federal Acquisition Regulation 52.203-5(b).

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 21:** Denied, but admitted that Lion Associates is a bona fide agency.

22. The Agreement's 3% Clause did apply to services relating to the Iraqi Navy Contract.

**Objection:** None.

**Response to Request No. 22:** Admitted.

23. The Agreement's 3% Clause did not apply to services relating to the Iraqi Navy Contract.

**Objection:** None.

**Response to Request No. 23:** Denied.

24. Neither Lion Associates nor ADM Lyons was a "bona fide established commercial or selling agency" maintained by Swiftships as those terms are referenced in section 252.225-7027(a)(2) of the Defense Federal Acquisition Regulation Supplement.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 24:** Denied.

25. Prior to Swiftships being awarded the Iraqi Navy Contract, RADM William Landay, USN, was the only official within the Department of the Navy that ADM Lyons and/or Lion Associates contacted on Swiftships' behalf.

**Objection:** None.

**Response to Request No. 25:** Denied.

26. The Iraqi Government never approved the Agreement's 3% Clause.

**Objection:** Lion Associates objects to this request as vague and ambiguous.

**Response to Request No. 26:** Without knowledge, therefore denied.

27. The Iraqi Government never approved the Agreement's 3% Clause in writing.

**Objection:** Lion Associates objects to this request as vague and ambiguous.

**Response to Request No. 27:** Without knowledge, therefore denied.

28. Neither ADM Lyons nor Lion Associates obtained prior written approval from the Iraqi Government to be paid a contingent fee for any services performed pursuant to the Agreement.

**Objection:** Lion Associates objects to this request as vague and misleading. Lion Associates further objects to this request as misstating applicable law.

**Response to Request No. 28:** Denied. This request misstates applicable law.

**Supplemental Response to Request No. 28:** Admitted to the extent that neither Lion Associates nor Admiral Lyons obtained prior written approval from the Iraqi Government to be paid a contingent fee for any services performed pursuant to the Agreement. Denied to the extent any inference could be drawn that such approval was required under the law.

29.   Neither ADM Lyons nor Lion Associates obtained prior approval from the Iraqi Government to be paid a contingent fee for any services performed pursuant to the Agreement.

**Objection:** Lion Associates objects to this request as vague and misleading. Lion Associates further objects to this request as misstating applicable law.

**Response to Request No. 29:** Denied. This request misstates applicable law.

**Supplemental Response to Request No. 29:** Admitted to the extent that neither Lion Associates nor Admiral Lyons obtained prior approval from the Iraqi Government to be paid a contingent fee for any services performed pursuant to the Agreement. Denied to the extent any inference could be drawn that such approval was required under the law.

30.   Neither ADM Lyons nor Lyon Associates has ever registered as a lobbyist to represent Swiftships.

**Objection:** Lion Associates objects to this request as vague and misleading. Lion Associates further objects to this request as misstating applicable law.

**Response to Request No. 30:** Denied. This request misstates applicable law.

**Supplemental Response to Request No. 30:** Admitted to the extent that neither Lion Associates nor Admiral Lyons has ever registered as a lobbyist to represent Swiftships. Denied to the extent any inference could be drawn that under the law either Lion Associates or Admiral Lyons were required to register as a lobbyist to represent Swiftships.

31.   ADM Lyons first met with Swiftships on April 13, 2009.
**Objection:** None.

**Response to Request No. 31:** Admitted.

32.   Prior to April 13, 2009, ADM Lyons and/or Lion Associates had no understanding of Swiftships' business, experience or capabilities.

**Objection:** Lion Associates objects to this request as vague and ambiguous as to the term "understanding."

**Response to Request No. 32:** Denied.

33.   Prior to executing the Agreement with Swiftships, ADM Lyons and/or Lion Associates have contracted to receive a "contingent fee" (as defined in 48 C.F.R. § 52.203-5(b)) as compensation from a client.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 33:** Admitted to the extent that prior to executing the Agreement with Swiftships, Admiral Lyons and/or Lion Associates have contracted for a success fee as compensation from a client. Denied to the extent any inference could be drawn that Lion Associates is not a bona fide agency.

34.   Prior to executing the Agreement with Swiftships, ADM Lyons and/or Lion Associates have received a "contingent fee" (as defined in 48 C.F.R. § 52.203-5(b)) payment from a client.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 34:** Admitted to the extent that prior to executing the Agreement with Swiftships, Admiral Lyons and/or Lion Associates have received a success fee as compensation from a client. Denied to the extent any inference could be drawn that Lion Associates is not a bona fide agency.

35.     The contingent fee you are demanding in the amount of $6,119,946.00 that is set forth in ¶ 24 of your Complaint is greater than any contingent fee you have received from any prior client.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission. Lion Associates further objects to this request as ambiguous and misleading.

**Response to Request No. 35:** Admitted to the extent that the success fee to which Lion Associates is entitled pursuant to the Agreement is greater than any other success fee received by Lion Associates from any prior contract setting forth a success fee as compensation for Lion Associates.

36.     Prior to executing the Agreement with Swiftships, ADM Lyons and/or Lion Associates have contracted to receive a "contingent fee" (as defined in 48 C.F.R. § 52.203-5(b)) as compensation from a client for services relating to a contract with the United States government.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 36:** Admitted to the extent that prior to executing the Agreement with Swiftships, Admiral Lyons and/or Lion Associates have contracted for a success fee from a client as compensation for services provided by Lion Associates relating to a contract with the United States government. Denied to the extent any inference could be drawn that Lion Associates is not a bona fide agency.

37.     Prior to executing the Agreement with Swiftships, ADM Lyons and/or Lion Associates have received a "contingent fee" (as defined in 48 C.F.R. § 52.203-5(b)) as compensation from a client for services relating to a contract with the United States government.

**Objection:** Lion Associates objects to this request because it seeks a legal conclusion that is not the proper subject of a Request for Admission.

**Response to Request No. 37:** Admitted to the extent that prior to executing the Agreement with Swiftships, Admiral Lyons and/or Lion Associates have received a success fee from a client as compensation for services provided by Lion Associates relating to a contract with the United States government. Denied to the extent any inference could be drawn that Lion Associates is not a bona fide agency.

38.   In 2009 Lion Associates and/or ADM Lyons entered into an agreement to provide certain services for ICS IT Consulting Services ("ICS").

**Objection:** Lion Associates objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Request No. 38:** Admitted.

39.   Lion Associates and/or ADM Lyons requested a payment of $10,000 from ICS.

**Objection:** Lion Associates objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Request No. 39:** Denied.

40.   ICS initially rejected your request for a $10,000 payment.

**Objection:** Lion Associates objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Request No. 40:** Denied.

41.   ADM Lyons said to Shehraze Shah that if ICS did not pay $10,000, ICS's prospects for future government contracts "were not good," or words to that effect.

**Objection:** Lion Associates objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Request No. 41:** Denied.

42. Following ADM Lyons' communication with Shehraze Shah concerning ICS's prospects for government contracts, ICS paid the $10,000.

**Objection:** Lion Associates objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Request No. 42:** Denied on the basis that no such communication ever took place. Admitted that Admiral Lyons did receive $10,000 from ICS.

Respectfully submitted,

Dated: August 30, 2010

/s/
J. Douglas Baldridge (VA Bar #34327)
Lauren D. Eade (VA Bar #72910)
Elizabeth E. Forbes (VA Bar #78492)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
202-344-4703 Telephone
202-344-8300 Facsimile
*Attorneys for Plaintiff Lion Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Plaintiff Lion Associates' Responses and Objections to Defendant's First Set of Requests for Admission to be served by email and first class mail, this 30th day of August 2010, upon the following:

Benjamin G. Chew, Esquire (VSB #29113)
Nigel L. Wilkinson, Esquire (VSB #46500)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
bchew@pattonboggs.com
nwilkinson@pattonboggs.com

Hassan M. Ahmad, Esquire (*admitted Pro Hac Vice*)
The HMA Law Firm
1568 Spring Hill Road, Suite 200A
McLean, Virginia 22102
Telephone: (703) 964-0245
Facsimile: (703) 997-8556
hma@hmalegal.com

Ashraf W. Nubani, Esquire (VSB #43595)
The Nubani Law Firm
1568 Spring Hill Road
Suite 200A
McLean, VA 22102
Tel: (703) 658-5151
Fax: (703) 997-8556
awn@nubanilaw.com
***Attorneys for Defendant, Swiftships Shipbuilders, LLC***

_____/s/_____
Lauren D. Eade