EXHIBIT 1

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LIONS ASSOCIATES, LLC | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 1:10 CV 189 |
| SWIFTSHIPS SHIPBUILDERS, LLC | ) |
| Defendant | ) |

## Summons in a Civil Action

To: *(Defendant's name and address)*

SWIFTSHIPS SHIPBUILDERS, LLC
a Louisiana Limited Liability Company
1105 Levee Road
Morgan City, LA  70380

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

J. Douglas Baldridge
VENABLE, LLP
575 Seventh Street, NW
Washington, DC  20004

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Fernando Galindo, Clerk

Name of clerk of court

Deputy clerk's signature

Date: MARCH 2nd, 2010

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2010 MAR -2  P 12: 49

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | |
|---|---|
| LIONS ASSOCIATES, LLC,<br>a Virginia Limited Liability Company<br>44 Canal Center Plaza, Suite 303<br>Alexandria, VA  22314<br><br>       Plaintiff,<br><br>SWIFTSHIPS SHIPBUILDERS, LLC,<br>a Louisiana Limited Liability Company<br>1105 Levee Road<br>Morgan City, LA  70380,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Index No. 1:10 CV189-GBL TRJ

COMPLAINT

Plaintiff Lion Associates, LLC ("Plaintiff") sues Swiftships Shipbuilders, LLC

("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for breach of a written contract arising from Defendant's failure

to pay Plaintiff for services rendered in connection with two government contracts awarded

Defendant by the United States of America.  The Agreement between Plaintiff and Defendant

obligated Defendant to pay Plaintiff "3% of each new contract brought to [Defendant], which

was obtained by [Plaintiff]."  Plaintiff's principal, Four Star Admiral James A. Lyons, Jr.

(Retired) ("Admiral Lyons"), worked diligently to promote Defendant's capabilities and merits

to the relevant federal agencies resulting in an award to Defendant of a $180,998,189 contract for

the design and manufacture of patrol vessels for the Iraq Navy.  Thereafter, through Admiral

Lyons' efforts, Defendant was also awarded a $23,000,000 contract for training associated with

the patrol vessel project.  In breach of its Agreement with Plaintiff, Defendant has failed and refused to pay Plaintiff the $6,119,946 (3% of the subject government contract awards) to which Plaintiff is entitled.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of  $75,000.00, exclusive of interest and costs, and is completely between citizens of different States.

3.      Personal jurisdiction exists over the Defendant pursuant to Virginia Code Section 8.01-328.1 as the causes of action alleged herein arise from the Defendant transacting business in the Commonwealth of Virginia, Defendant regularly and systematically transacts business in the Commonwealth, a substantial part of the acts giving rise to this action occurred in the Commonwealth, and Defendant breached the subject Agreement in the Commonwealth.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) & (3) in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district, and Defendant is subject to personal jurisdiction of this Court.

## THE PARTIES

5.      Plaintiff Lion Associates, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 44 Canal Center Plaza, Suite 303, Alexandria, Virginia 22314.  Plaintiff has one member, Admiral Lyons, who is a resident, citizen and domiciliary of the Commonwealth of Virginia.  Admiral Lyons was an officer in the United States Navy for 36 years, and served as the Commander in Chief of the U.S. Pacific Fleet (the largest single military command in the world),

Senior U.S. Military Representative to the United Nations, and on the Advisory Board to the Director of the Defense Intelligence Agency.

6.       Defendant Swiftships Shipbuilders LLC is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business located at 1105 Levee Road, Morgan City, Louisiana 70308.  Defendant has one member, Swift Group, LLC, a Louisiana limited liability company with its principal place of business located at 1105 Levee Road, Morgan City, Louisiana 70308.

## FACTUAL BACKGROUND

7.       Plaintiff is engaged in the business of, among other things, understanding, evaluating, and working to demonstrate the merits and capabilities of companies that wish to do business with the United States to the specific federal agencies that award government contracts.

8.       Defendant is a shipbuilder specializing in military vessels and related training services.

9.       On or about May 1, 2009, Plaintiff and Defendant entered into an Agreement.  A genuine copy of the Agreement is attached hereto and made a part hereof as Exhibit 1.

10.      Pursuant to the terms of the Agreement, Plaintiff agreed to assist Defendant by marketing, promoting, and explaining the merits and capabilities of Defendant to United States agencies and various national and international companies involved in government contracting.

11.      In exchange for providing these services, Defendant agreed to pay Plaintiff $7,500 per month for a period of twelve (12) months and "3% of each new contract brought to Swift[ships] which was obtained by [Plaintiff]."  The language "brought to Swift, which was" was added to the Agreement by Defendant before execution.

12.     In full compliance with its obligations under the Agreement, Plaintiff (through Admiral Lyons) worked diligently to demonstrate the capabilities and merits of Defendant to the United States.

13.     At the time Plaintiff became involved with Defendant, Defendant was a "Tier 1" contractor with the United States and another entity was the front runner for receipt of this patrol vessel contract award.

14.     Plaintiff was instrumental in (1) Defendant's reclassification as a "Tier 2" contractor with the United States, which opened the door for Defendant to obtain much larger contract awards; and (2) the United States' decision not to proceed with its initial intention to award the subject contract to the other competing entity.

15.     As a result of Plaintiff's efforts, Defendant obtained and was awarded:  (A) contract number N00024-09-C-2256 in the amount of $180,998,189 for the design and manufacture of patrol vessels for the Iraq Navy; and (B) contract number N61339-09-C-0034 for the training associated with contract number N00024-09-C-2256.  Within the meaning of the Agreement, Plaintiff brought both of these contracts to Defendant.

16.     In December of 2009, at a meeting in part celebrating Defendant's receipt of these contract awards, and consistent with its Defendant's obligations under the Agreement, Defendant's President and Chief Executive Officer Mr. Calvin Leleux confirmed Defendant's contractual obligations to Plaintiff and publicly announced that Plaintiff would "get a number for his [Admiral Lyons'] work and [that he would] be very happy with it."  On information and belief, and unbeknownst to Plaintiff and Admiral Lyons, Defendant and Leleux had no intention of performing this promise at the time it was made.

17.     After the December 2009 meeting, on several occasions, Admiral Lyons followed up with Defendant in an effort to obtain the amounts to which he was entitled under the Agreement.  However, Defendant ceased all communication with Plaintiff.

18.     Finally, on February 18, 2010, Plaintiff made formal written demand to Defendant that it make the payments due Plaintiff under the Agreement.  A genuine copy of the demand letter is attached hereto and made a part hereof as Exhibit 2.  Defendant has not responded to Plaintiff's formal demand.

19.     All conditions precedent to the maintenance of this action have been performed, discharged or otherwise satisfied.

## COUNT I
### (Breach of Contract)

20.     Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1 through 19 above.

21.     The Agreement is a binding and fully enforceable contract.

22.     Plaintiff performed all of its obligations under the Agreement.

23.     Without right or justification, Defendant has materially breached the Agreement by failing to pay Plaintiff the amounts due and owing thereunder.

24.     As a direct result of Defendant's material breach of the Agreement, Plaintiff has suffered substantial damages in the amount of $6,119,946 (3% of the subject government contract awards).

## COUNT II
### (Unjust Enrichment)

25.     Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1 through 19 above.

26.     Plaintiff conferred a substantial benefit on Defendant.

27.     Defendant had actual knowledge of the conferring of the benefit by Plaintiff.

28.     Defendant accepted and retained the benefit conferred by Plaintiff in circumstances that render it inequitable for Defendant to retain the benefit without paying for its value.

29.     The value of the benefit conferred upon Defendant by Plaintiff and to which Plaintiff is entitled, is no less than $6,119,946.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendant as follows:

A.      On Count I, that Plaintiff be awarded damages in the amount of $6,119,946;

B.      On Count II, that Plaintiff be awarded damages in the amount of  no less than $6,119,946;

C.      That Plaintiff be awarded pre-judgment and post-judgment interest at the statutory rate; and

D.      That Plaintiff be awarded such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Dated: March 2, 2010

J. Douglas Baldridge (VA Bar #34327)
Lauren D. Eade (VA Bar #72910)
Elizabeth E. Forbes (VA Bar #78492)
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
202-344-4703 Telephone
*Attorneys for Plaintiff Lion Associates, LLC*

# LION ASSOCIATES LLC

1635 PRESTON ROAD
ALEXANDRIA, VIRGINIA 22302

Tel: 703.519.5600
Fax: 703.519.5695
Email: jalyons@lionllc.com
www.lionllc.com

## Agreement

1.     This Agreement is effective 13 April 2009 between LION Associates LLC, 1635 Preston Road, Alexandria, VA 22302 ("Consultant") and The Gill Law Firm, 1101 30th Street, Suite 500, Washington, DC 20007 ("Company").

2.     Purpose. Consultant will provide marketing services and promote the Company by interfacing with the U.S. Government and various national and international companies who are known to have a requirement for Company product and services.   Specifically, the Consultant will identify marketing opportunities in U.S. Government and commercial organizations and will explain the Company's capabilities; and represent that the Company that can achieve the objectives established by the appropriate enterprise better than any known competitor.

3.     Compensation. Consultant will be reimbursed for this effort at a rate of $7,500.00 per month for a period of twelve (12) months with $7,500.00 paid upon signing and on the 15th of each month thereafter until termination.  Also, Consultant will be paid 3% of each new contract obtained by LION. *BROUGHT TO SWIFT, WHICH WAS*

4.     Expenses and Termination. The Consultant will bear all expenses associated with its efforts in executing this contract except those agreed to by the Company in writing. Should either party decide to terminate this contract they will provide 30 days notice to the other party and will continue to perform as specified in other sections of this contract until the expiration of the notice period.

5.     Governing Laws and Communication. The laws of the State of Virginia will govern all aspects of this contract. Commercial carrier express or electronic mail or facsimile will be used to communicate between the parties. During the term of the contract both parties will keep the other constantly advised of correct postal and e-mail addresses and voice and facsimile telephone numbers.

Signatures:

LION Associates LLC

By: *James A. Lyons*
James A. Lyons, Jr.
Admiral, USN (ret)

Title: President/CEO

Swiftships Shipbuilders, LLC

By: *Calvin Leleux*
Calvin Leleux

Title:  President/CEO

*DATED - 1 MAY 2009*

# VENABLE® LLP

575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

J. Douglas Baldridge

February 18, 2010

T 202.344.4703
F 202.344.8300
jbaldridge@venable.com

Mr. Calvin Leleux
President & CEO
Swiftships Shipbuilders, LLC
1105 Levee Road
Morgan City, LA 70380

> RE:   **Agreement between Admiral (ret.) James A. Lyons, Jr.
> ("Admiral Lyons") and Swiftships Shipbuilders, LLC
> ("Swiftships") effective date April 13, 2009 (the "Agreement")**

Dear Mr. Leleux:

Please be advised that Venable LLP is counsel to Admiral James "Ace" Lyons, USN (ret.) in connection with all matters and disputes relating to the Agreement. The purpose of this letter is to advise you that Admiral Lyons expects full and prompt payment from Swiftships of all amounts due him under the Agreement. Swiftships' continued failure to abide by the Agreement will result in litigation being initiated against Swiftships (and possibly individuals associated with the company) to protect Admiral Lyons' rights.

As you know, the Agreement entitles Admiral Lyons to "3% of each new contract [brought to Swiftships which was] obtained by Lion" Associates LLC (Admiral Lyon's business entity). In accordance with the Agreement, Admiral Lyons worked diligently to promote Swiftships' overall capabilities and merits before relevant federal agencies, as well as kept the procurement officer fully informed of your company's attributes. In fulfilling his obligations, Admiral Lyons was successful in demonstrating the merits of Swiftships such that it was awarded an $180,998,189 contract (N00024-09-C-2256) for the design and manufacture of patrol vessels for the Iraq Navy.

Under the Agreement, Admiral Lyons is entitled to the full and prompt payment of $5,436,675.67 (3% X $180,998,189). Moreover, based upon his introduction of Swiftships to the applicable procurement officials, Swiftships also obtained a contract award for the training associated with the patrol vessel project. (N61339-09-C-0034). We are continuing to investigate Admiral Lyons' entitlement under the Agreement to an additional $690,000 in connection with the associated training contract. ($23,000,000 X 3%).

We request a meeting at my offices in Washington, D.C. with the appropriate representatives of Swiftships within 7 calendar days of the date of this letter to make a final attempt to resolve this dispute without litigation. Failure to promptly schedule this meeting and finally resolve this matter within this timeframe will result in a lawsuit being

# VENABLE LLP

Mr. Calvin Leleux
February 18, 2010
Page Two

initiated against Swiftships (and possibly others) for the full amount to which Admiral Lyons is entitled under the Agreement.

Additionally, Admiral Lyons reserves all of his other rights, including without limitation any rights he may have to pursue appropriate formal and informal action with the governmental officials involved with the procurement.

Sincerely,

J. Douglas Baldridge