```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION


LION ASSOCIATES, LLC,           )
                                )
               Plaintiff,       )
                                )    CASE NO. 1:10-CV-189
v.                              )
                                )
SWIFTSHIPS SHIPBUILDERS, LLC,   )
                                )
               Defendant.       )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Swiftships Shipbuilders, LLC's Motion for Summary Judgment. This case concerns a contract dispute between Defendant Swiftships Shipbuilders, LLC ("Swiftships") and Plaintiff Lion Associates, LLC ("Lion") regarding whether Lion is entitled to contingency fee payments on two United States Navy contracts that Swiftships pursued prior to contracting with Lion.

There are two issues before the Court. First, whether the Court should grant Defendant's Motion for Summary Judgment on Plaintiff's claim for breach of contract in connection with work done on two United States Navy contracts, where the parties' contract states that Plaintiff will be paid a 3% contingency fee on each "new contract brought to Swift, which was obtained by Lion." Second, whether the Court should grant summary judgment on Plaintiff's unjust enrichment claim as a matter of law

because Virginia law prohibits quasi-contract claims where a written contract governs the parties' relationship, rights, and responsibilities.

The Court grants Defendant's Motion for Summary Judgment for the following reasons. First, the Court grants summary judgment on Plaintiff's contract claim because the plain, unambiguous terms of the contract limit Plaintiff's recovery of contingency fees to new contracts that Lion obtained and brought to Defendant, and there is no dispute of material fact that the navy contracts do not fit within this term because Defendant found and pursued the contracts prior to contracting with Lion. Second, the Court grants Defendant's Motion for Summary Judgment on Plaintiff's unjust enrichment claim because, as a matter of law, Plaintiff cannot recover under a quasi-contract theory when, as here, there is a written contract that governs the parties' rights and responsibilities.

## I. BACKGROUND

This case concerns a contract dispute as to whether Lion is entitled to contingency fee payments on two United States Navy contracts[1] that Swiftships pursued prior to contracting with

---

[1] Lion seeks recovery of the 3% contingency fee on two contracts that the United States Navy ("U.S. Navy") awarded to Swiftships in 2009: (1) contract number N00024-09-C2256 in the amount of $180,998,189 for the design and manufacture of patrol vessels

Lion, but that Lion assisted in finalizing once it started working for Swiftships pursuant to the terms of their contract.

### A. Iraqi Navy Contracts

On November 19, 2008, as amended on February 13, 2009, the U.S. Navy, acting through Naval Sea Systems Command ("NAVSEA") issued a Presolicitation Notice to the public requesting bids for a contract involving the production and provision of Coastal Patrol Boats for the benefit of the Government of Iraq on an accelerated schedule. (Undisputed Statement of Facts 2-3; Def.'s Br. Ex. 3.) Interested parties were to submit a response by February 27, 2009. (Undisputed Statement of Facts at 3; *Id.*)

On February 25, 2009, Swiftships submitted a written response to the Presolicitation Notice, providing detailed information about the company and identifying characteristics of Swiftships' boats that would meet the specific requirements outlined in the Presolicitation Notice. (*Id.*) Swiftships also advised that its boats were available for immediate production. (*Id.*) Finally, Swiftships requested a sole source award so as to immediately develop and deliver the vessel. (*Id.*)

---

for the Iraqi Navy; and (2) contract number N61339-09-C-0034 for the training associated with contract number N0024-09-C-2256. These contracts will be referred to collectively as the "Iraqi Navy Contracts."

B. <u>Negotiations and Execution of Swiftships/Lion Contract</u>

On April 13, 2009, Swiftships representatives conducted an initial meeting with Admiral James A. Lyons, Jr. ("Admiral Lyons") to discuss Lion's potential work for Swiftships in marketing and promotions. (Undisputed Statement of Facts 3; Def.'s Br. Ex. 5 at 7.) During this meeting, Swiftships advised Admiral Lyons of its ongoing efforts to secure the award of the Iraqi Navy Contracts among other potential contracting opportunities. (*Id.*) Swiftships representatives also explained that the scope of Lion's work would include assisting in finalizing the Iraqi Navy Contracts. (*Id.*)

In May and June 2009, Admiral Lyons worked on behalf of Swiftships in connection with the Iraqi Navy Contracts. Specifically, he contacted U.S. Navy officials and advised them of Swiftships' experience and capability to provide Coastal Patrol Boats for the Iraqi Navy. During these communications, Admiral Lyons addressed specific concerns that NAVSEA had regarding Swiftships' financial and professional competence based on prior conversations between NAVSEA and Swiftships.

During this time, Swiftships and Admiral Lyons also finalized the terms of their written contract ("Agreement"). In early April 2009, Plaintiff sent Defendant the initial proposed

4

written contract. (Pl.'s Br. Ex. A. Admiral Lyons Decl. "Decl." ¶ 8.) In early May 2009, Plaintiff made changes to the Agreement at the request of Defendant and submitted the revised Agreement to Defendant. (*Id.* at ¶ 13.) On or about June 4, 2009, Defendant returned the signed Agreement to Plaintiff. (Undisputed Statement of Facts 5; Compl. Ex. 1.) Pursuant to the Agreement, in exchange for Lion's marketing and promotions consulting work, Swiftships agreed to the following payment terms:

> Compensation. Consultant will be reimbursed for this effort at a rate of $7,500.00 per month for a period of twelve (12) months with $7,500.00 paid upon signing and on the 15th of each month thereafter until termination. **Also, Consultant will be paid 3% of each new contract brought to Swift, which was obtained by Lion.**

(Compl. Ex. 1, ¶ 3.) (Emphasis added). The last line of this provision originally stated: "Also, Consultant will be paid 3% of each new contract obtained by Lion." (*Id.*) However, prior to execution, Defendant added the words "brought to Swift, which was" to the last line of this provision and initialed the change. (*Id.*) Plaintiff concedes that "[t]he inserted language did not alter the contractual terms of the Agreement." (Decl. at ¶ 16.)

5

Consistent with the Agreement, Swiftships paid Lion $7,500.00 per month for twelve months for Lion's work on behalf of Swiftships.

C. <u>Lion's Demand for Contingency Fees for Iraqi Navy Contracts</u>

On February 18, 2010, Lion issued a formal written demand for payment from Swiftships for 3% of the total value of the Iraqi Navy Contracts. (Compl. Ex. 2.) Swiftships rejected Lion's demand on the basis that the Iraqi Navy Contracts failed to constitute "new" contracts that Lion brought to Swiftships. (Undisputed Statement of Facts 6.)

On March 2, 2010, Lion filed a Complaint in this Court, claiming breach of contract and unjust enrichment and demanding payment of 3% of the value of the Iraqi Navy Contracts in an amount of $6,119,946 plus pre- and post-judgment interest at the statutory rate. (Dkt. No. 1.) Swiftships now moves for summary judgment seeking the dismissal of Lion's claims based on the plain terms of the Agreement's compensation provision. (Dkt. No. 42.)

II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that

there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. A "material fact" is a fact that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to

allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. ANALYSIS

#### A. Claim for Breach of Contract

The Court grants Defendant's Motion for Summary Judgment on Plaintiff's contract claim because the unambiguous contract plainly limits Plaintiff's recovery of contingency fees to a "new contract brought to Swift, which was obtained by Lion," and there is no dispute of fact that Defendant found and pursued the Iraqi Navy Contracts prior to executing the Agreement with Lion. Whether a writing is ambiguous is a question of law, not of fact. *Virginia Elec. and Power Co. v. N. Virginia Reg'l Park Auth.*, 270 Va. 309, 315 (Va. 2005) (citation omitted). When the language of a contract is clear, unambiguous, and explicit, a court interpreting it should look no further than the four corners of the instrument under review. *Id.* at 316 (quotation omitted). "The pole star for the construction of a contract is the intention of the contracting parties *as expressed by them in*

*the words they have used."* Id. (emphasis added) (quotation omitted). "It is the court's duty to declare what the instrument itself says it says." *Id.* (quoting *Ames v. American Nat. Bank*, 163 Va. 1, 38, 176 S.E. 204, 216 (1934)). "Where language is unambiguous, it is inappropriate to resort to extrinsic evidence; an unambiguous document should be given its plain meaning." *Id.* (quotation omitted). Therefore, in a contract dispute, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument. *Id.* (quotation omitted).

Here, Lion is not entitled to the contingency fee for the Iraqi Navy Contracts because the Iraqi Navy Contracts do not fall within the contingency fee term of the Agreement. The Agreement limits Lion's recovery of contingency fees to "each new contract brought to Swift, which was obtained by Lion." There is no dispute that Defendant Swiftships identified and pursued the Iraqi Navy Contracts prior to the execution of the Agreement, or even negotiations in pursuit of the Agreement, with Lion. Thus, the contract "brought to Swift" was not obtained by Lion.

The Court is not convinced by Lion's position that it did not have to identify and pursue the contract opportunity at its inception in order for the Iraqi Navy Contracts to fall within this contingency fee provision. The modification of the Agreement, clarifying that Lion must bring contracts to Swiftships, supports the Court's holding that Lion must identify contracts and bring them to Swift in order to qualify for a contingency fee.[2] Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's breach of contract claim because, as explained in the foregoing discussion, Lion is not entitled to the contingency fee for the Iraqi Navy Contracts.

B. <u>Claim for Unjust Enrichment</u>

The Court grants Defendant's Motion for Summary Judgment on Plaintiff's unjust enrichment claim because, under Virginia law,

---

[2] Normally the modification of a proposed contract constitutes a rejection of the proposal and a new offer. *Princess Cruises, Inc. v. General Elec. Co.*, 143 F.3d 828, 834 (4th Cir. 1998) (citing Restatement (Second) of Contracts § 59 (1981)). However, a counteroffer can be accepted by performance under the contract. *Id.* ("At common law, an offeror who proceeds under a contract after receiving the counteroffer can accept the terms of the counteroffer by performance."). Here, Plaintiff performed under the Agreement. In addition, Plaintiff acknowledges that there was a valid contract between the parties and states that the modification did not alter the parties' Agreement. (Decl. at ¶ 16.) Thus, the Court will view this modification as a clarification of the initial term of the Agreement to comport with the parties' understanding of the payment of a contingency fee.

quasi-contractual claims are prohibited where, as here, there is an express contract that governs the parties' relationship, rights, and responsibilities.  "In order to recover in quasi-contract, the plaintiff must show that: (1) it conferred a benefit on the defendant; (2) with the reasonable expectation of payment; (3) the defendant knew or should have known of the expectation; and (4) allowing the defendant to retain the benefit would result in unjust enrichment."  *Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.*, 542 F. Supp. 2d 452, 465 (E.D. Va. 2008) (citing *Fed. Dep. Ins. Corp. v. S.A.S. Assocs.*, 44 F. Supp. 2d 781, 788 (E.D. Va. 1999)).  A party may not recover for claims sounding in quasi-contract or unjust enrichment when an express contract already governs its relationship with a defendant.  *Id.*  (citation and internal quotation marks omitted); *see Nedrich v. Jones*, 245 Va. 465, 477 (Va. 1993) ("The law will not impose an implied contractual relationship upon parties in contravention of an express contract.").

Here, the Court grants summary judgment because it is undisputed that an express contract governs the parties' relationship and respective rights and responsibilities thereto, including the scope of Plaintiff's work and Defendant's payment obligations.  Although Plaintiff argues that the Court could

11

find that the express contract does not address the work that Plaintiff performed in connection with the Iraqi Navy Contracts, Plaintiff has not provided any basis for the Court to do so. In fact, under Plaintiff's unjust enrichment claim in its Complaint, Plaintiff incorporates the preceding allegations by reference, which include allegations of the existence and application of the parties' written agreement to the present dispute. Therefore, even Plaintiff alleges that the written contract applies to the work Plaintiff performed in connection with the Iraqi Navy Contracts. Accordingly, the Court grants summary judgment on Plaintiff's unjust enrichment claim because there is a written agreement between the parties that governs the parties' relationship and the rights and responsibilities connected thereto, including those associated with the Iraqi Navy Contracts.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant Swiftships Shipbuilders, LLC and against Lion Associates, LLC, pursuant to Federal Rule of Civil Procedure 58.

A separate Rule 58 Judgment Order will be entered with the Memorandum Opinion.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 20th day of December, 2010.

Alexandria, Virginia
12/20/2010

/s/
Gerald Bruce Lee
United States District Judge